**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRANCE TRENT MOSLEY,

    Defendant - Appellant.

No. 17-6174
(D.C. No. 5:16-CR-00195-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Terrance Trent Mosley's plea agreement. Mosley pleaded guilty to abusive sexual contact. Pursuant to the plea agreement, he waived his right to appeal his conviction or sentence, provided his sentence was within the statutory maximum and not above the advisory guideline range determined by the district court to apply. Mosley's sentence was below the statutory maximum and within the advisory guidelines range. Nevertheless, he filed a notice of appeal.

---

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). In response, Mosley's counsel stated that there are no non-frivolous arguments that can be presented in response to the motion to enforce, citing *Anders v. California*, 386 U.S. 738, 744 (1967), and requesting that the case be dismissed without prejudice to allow Mosley to pursue a claim for ineffective assistance of counsel in a later motion under 28 U.S.C. § 2255. This court gave Mosley an opportunity to file a pro se response to the motion to enforce, *see Anders*, 386 U.S. at 744, but he has not done so.

Under *Anders*, we have reviewed the motion and the record, and we conclude that Mosley's proposed appeal falls within the scope of the appeal waiver and that nothing in the record indicates that he did not knowingly and voluntarily waive his appellate rights or that enforcing the waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325 (describing factors this court considers to determine whether to enforce an appeal waiver).

Accordingly, we grant the motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

2